

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-6608
Re: Procedure to be followed by
Comptroller in issuing order
on Tax Assessor-Collector of
Val Verde County under the
given facts.

Your request for opinion, which has been considered carefully, reads as follows:

"Mr. Lyle S. Almond, Assessor-Collector of Val Verde County, has resigned effective July 1, 1945.

"When the Comptroller issues the order on the Collector of Val Verde County as provided for in Article 7339, should such order be issued one-half to Mr. Almond and one-half to his successor, or should the entire order be issued to the successor of Mr. Almond?

"The Comptroller will not issue the order on the Collector until the rolls have been received in this office. The rolls will be received in this office some time in the latter part of August or first of September, being subsequent to the time Mr. Almond resigns. Mr. Almond has requested this department to issue one-half of the order to him.

"In connection with this request I refer you to Opinion No. 0-5161 and to an opinion addressed to this department in February, 1935, by Leon C. Moses."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

We are advised that the county officers in Val Verde County are compensated on a fee basis.

Article 3937, R. S. 1925, fixes the compensation due the county assessor for his services, based upon the value of the property assessed.

Article 3938 provides:

"The Comptroller, on receipt of the rolls, shall give the assessor an order on the collector of his county for the amount due him by the State for assessing the State taxes, to be paid out of the first money collected for that year. . . ."

Article 3891 provides:

". . . All fees due and not collected, as shown in the report required by Article 2897, shall be collected by the officer to whose office the fees accrued, and shall be disposed of by said officer in accordance with the provisions of this Act. . . ."

The opinion of Assistant Attorney General Moses, in February 1935, referred to in your letter, ruled that "all fees due and not collected when the official earning the same retires from office should be collected by the present incumbent of the office", for, as the Supreme Court said in Ellis County v. Thompson, 66 S. W. 48:

"Thompson had ceased to be the 'officer to whose office the fees accrued', and had no authority to collect the money after he went out of office. That duty devolved upon his successor. . . ."

The principle announced therein is controlling in the instant case, and therefore it is the opinion of this department that the order provided for in Article 3938, supra, should be given to Mr. Almond's successor, who will be the incumbent of the office at the time the assessment rolls are filed with you.

Honorable George H. Sheppard, Page 3

This opinion considers only the question of who should receive the order from the Comptroller provided for in Article 3838. We do not seek to pass upon the question of the disposition of the commissions when collected.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By J. Arthur Sandlin
J. Arthur Sandlin
Assistant

Arthur L. Moller
Arthur L. Moller
Assistant

ALM:db

APPROVED AUG 3, 1945

FIRST ASSISTANT
ATTORNEY GENERAL

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE